UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE MURPHY, | No. 2:19-cv-1808 KJN P |
| Petitioner, | |
| v. | ORDER |
| JOSEPH W. MOSS,[1] | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2016 conviction. On November 15, 2019, respondent filed a motion to dismiss this action because the petition is not fully exhausted. Petitioner has not filed an opposition to the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or
> to comply with these rules or a court order, a defendant may move to

---

[1] Petitioner is currently housed at Shafter Modified Community Correctional Facility, where Joseph W. Moss is the Warden. Therefore, Warden Moss is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Here, petitioner filed two petitions for review in the California Supreme Court.  (ECF Nos. 16-5, 16-10.)  As argued by respondent, however, in the two petitions for review, petitioner did not raise federal ground:  three (denial of discovery because the prosecutor failed to disclose the identity of the process server and the investigating officer's notes); four (a) (prosecutorial misconduct because the prosecutor allegedly misstated what efforts the process server made to locate the victim and knowingly used perjured testimony); and four (b) (trial counsel was ineffective because he failed to object to the prosecutorial misconduct).  (ECF Nos. 16-5, 16-10.)[2] Thus, respondent argues that the instant federal petition is a "mixed petition," because it contains both exhausted and unexhausted claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  Here, although petitioner has exhausted his first and second claims for relief, he failed to raise his third and fourth claims in the California Supreme Court.  Thus, his third and fourth claims are not exhausted, and the instant petition is a mixed petition.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must generally be dismissed, with leave to file an amended

---

[2]  In his petitions for review, petitioner did allege that the prosecutor failed to establish due diligence in attempting to secure the victim's presence at trial, but petitioner did not raise a discovery claim or argue prosecutorial misconduct based on the prosecutor knowingly allowing perjured testimony.  (ECF Nos. 16-5, 16-10.)

2

petition containing only exhausted claims.  Alternatively, under <u>Rhines v. Weber</u>, 544 U.S. 269

(2005), a district court may, in limited circumstances, stay a mixed petition pending exhaustion of

unexhausted claims if:  (1) "the petitioner had good cause for his failure to exhaust;" (2) "his

unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics."  <u>Rhines</u>, 544 U.S. at 278.  Granting a stay

under these circumstances requires that reasonable time limits be imposed.  <u>Id.</u> at 277-78.

Therefore, petitioner is granted thirty days to file a request for stay in this action.  The

request must address each <u>Rhines</u> factor set forth above.  Thereafter, the court will determine

whether to stay this action pending a decision by the California Supreme Court on petitioner's

third claim, or whether to dismiss the instant petition with leave to file an amended petition that

raises only exhausted claims.[3] [4]

////

////

////

////

////

////

////

---

[3]  Petitioner is cautioned that if this action proceeds on an amended petition raising only
exhausted claims he will risk forfeiting consideration of the unexhausted claim in this or any
other federal court.  <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991); <u>see also</u> <u>Rose</u>, 455 U.S. at 520-
21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of
limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
year period will start to run on the date on which the state court judgment became final by the
conclusion of direct review or the expiration of time for seeking direct review, although the
statute of limitations is tolled while a properly filed application for state post-conviction or other
collateral review is pending.  28 U.S.C. § 2244(d).

[4]  Petitioner is not required to await resolution of the pending motion to dismiss before returning
to state court to properly exhaust his state court remedies.  In the event that petitioner exhausts
any claims in the California Supreme Court prior to this court's resolution of the pending motion,
petitioner is advised to file a notice of exhaustion in this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Warden Joseph W. Moss is substituted as respondent; and

2. Petitioner shall file, within thirty days from the date of this order, a request to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: January 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/murp1808.46h.fte

4