UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE MURPHY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOSEPH W. MOSS,<br><br>　　　　　Respondent. | No.  2:19-cv-1808 JAM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2016 conviction.  On November 15, 2019, respondent filed a motion to dismiss this action on the grounds that the petition is not fully exhausted.  Petitioner did not file an opposition to the motion.  On January 3, 2020, petitioner was ordered to file a motion for stay.  Petitioner filed a motion for stay, and respondent filed an opposition.  Petitioner did not file a reply.

As discussed below, the undersigned recommends that the motion to dismiss be granted, petitioner's motion for stay be denied, that the petition be dismissed, and petitioner be granted leave to file an amended petition raising only exhausted claims.

Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

Background

Petitioner was convicted in Sacramento County Superior Court of assault with a firearm, battery on a spouse, evading a peace officer and gross discharge of a firearm.  A sentencing enhancement was found true.  Petitioner was sentenced to a determinate state prison term of fifteen years and eight months on August 19, 2015.  (ECF No. 16-1.)

Petitioner filed an appeal; the state appellate court affirmed his conviction on September 27, 2017.  (ECF No. 16-2.)  On November 6, 2017, petitioner filed a petition for review in the California Supreme Court.  (ECF No. 16-5.)  On January 10, 2018, the California Supreme Court vacated the opinion and remanded the case to the appellate court with directions to "reconsider the appeal in light of Senate Bill No. 620."[1]  (ECF No. 16-6.)

On April 10, 2018, the appellate court affirmed the judgment, but remanded the case to the trial court with directions to exercise its discretion to strike a firearm enhancement and, if appropriate, resentence petitioner.  (ECF No. 16-7.)  On May 11, 2018, petitioner filed a petition for review in the California Supreme Court.  (ECF No. 16-10.)  On June 13, 2018, review was denied by the California Supreme Court.  (ECF No. 16-11.)

Respondent states that petitioner filed no state post-conviction collateral challenges to the pertinent judgment of conviction in the California Supreme Court.  (ECF No. 14 at 2.)  Petitioner did not file an opposition to respondent's motion to dismiss, and did not dispute this statement in his motion for stay.

The instant petition was filed on August 30, 2019.  (ECF No. 1.)

---

[1] Senate Bill No. 620 amended pertinent portions of the California Penal Code "to permit the trial court to strike an enhancement for personally using . . . or personally discharging . . . a firearm."  (ECF No. 16-7 at 14.)

2

1  Motion to Dismiss re Exhaustion

2      Petitioner filed two petitions for review in the California Supreme Court. (ECF Nos. 16-5,
3  16-10.) In the two petitions for review, petitioner did not raise federal grounds: 3 (denial of
4  discovery because the prosecutor failed to disclose the identity of the process server and the
5  investigating officer's notes); 4(a) (prosecutorial misconduct because the prosecutor allegedly
6  misstated what efforts the process server made to locate the victim and knowingly used perjured
7  testimony); and 4(b) (trial counsel was ineffective because he failed to object to the prosecutorial
8  misconduct). (ECF Nos. 16-5, 16-10.)[2] Respondent argues that the instant federal petition is a
9  "mixed petition," because it contains both exhausted and unexhausted claims.

10      The exhaustion of state court remedies is a prerequisite to the granting of a petition for
11  writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement
12  by providing the highest state court with a full and fair opportunity to consider all claims before
13  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
14  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

15      Here, although petitioner exhausted his first and second claims for relief, he failed to raise
16  his third and fourth claims in the California Supreme Court. Thus, his third and fourth claims are
17  not exhausted, and the instant petition is a mixed petition. Absent an order granting petitioner's
18  motion for stay, the petition must be dismissed and petitioner granted leave to file an amended
19  petition raising only his exhausted claims.

20  Motion for Stay

21      On January 27, 2020, petitioner filed a motion for stay under Rhines v. Weber, 544 U.S.
22  269 (2005).[3] Respondent opposes the motion.

---

[2] In his petitions for review, petitioner alleged that the prosecutor failed to establish due diligence in attempting to secure the victim's presence at trial, but petitioner did not raise a discovery claim or argue prosecutorial misconduct based on a claim that the prosecutor knowingly allowed perjured testimony. (ECF Nos. 16-5, 16-10.)

[3] Petitioner filed his motion for Rhines stay on the court's form for filing a petition for writ of habeas corpus. (ECF No. 19.) The court does not address a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), because it appears that the one-year statute of limitations has already expired.

The United States Supreme Court has held that in limited circumstances a district court may stay a mixed petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Granting a stay under these circumstances requires that reasonable time limits be imposed. Id. at 277-78.

"The good cause element is the equitable component of the Rhines test." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). "The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); see Blake, 745 F.3d at 980 ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."). Good cause under Rhines does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a petitioner must do more than simply assert that he was "under the impression" that his claim was exhausted. Dixon, 847 F.3d at 720 (citing Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009)). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." Blake, 745 F.3d at 982 (citation and footnote omitted).

Petitioner's Arguments

Petitioner states he had counsel on appeal, and argues his appointed counsel had sole authority to decide what grounds to raise and how to present them. (ECF No. 19 at 3.) Through self-rehabilitation, primarily through reading, petitioner discovered similar cases and researched Constitutional requirements of both the prosecution and defense counsel. During such research, petitioner found California Penal Code Section 1054.5[4] concerning pre and post-trial discovery which he alleges revealed that the prosecution had not fulfilled and had subjugated its obligations in petitioner's case. Following an inmate's recommendation, petitioner learned for the first time about the known use of perjured testimony. Petitioner contends his efforts show good cause.

---

[4] "Section 1054.5 permits a California trial court to order various sanctions for discovery violations. See Cal. Pen. Code § 1054.5." Jones v. Moss, 2020 WL 1031888, at *21 (N.D. Cal. Mar. 3, 2020).

4

Petitioner asserts he failed to earlier raise the unexhausted claims because he was ignorant as to pertinent laws and "had great confusion about this." (ECF No. 19 at 4.) His unexhausted claims are potentially meritorious because it would enable petitioner to determine whether the unidentified process server made legitimate efforts to locate the victim, J.M., petitioner's spouse. Petitioner objects that the prosecution was able to use J.M.'s hearsay statements to the police at the time of the incident to argue such statements were inconsistent with her testimony at the preliminary hearing where she denied petitioner had assaulted her. Petitioner appears to contend that the prosecution's use of J.M.'s testimony at the preliminary hearing allegedly constitutes the prosecution's knowing use of perjured testimony. (ECF No. 19 at 4.)

Petitioner claims he has not engaged in dilatory tactics. In addressing the delay in raising the unexhausted claims, petitioner states he "didn't know the law, and was confused as to the timing of the proceeding." (ECF No. 19 at 9.) In response to whether such claims might have been made to a lower court, petitioner stated, "I believed it was. I'm just now learning it was not." (Id.)

Respondent's Arguments

In opposition, respondent argues that petitioner fails to demonstrate good cause because an appellate attorney's failure to raise claims does not constitute good cause, and petitioner failed to develop an ineffective assistance of appellate counsel argument, citing see Blake, 745 F.3d at 981; Wooten, 540 F.3d at 1024 n.2. (ECF No. 21 at 2.) Appellate counsel served petitioner with a copy of the opening briefs, thus informing petitioner of the claims that were raised. Petitioner's lack of legal sophistication also fails to demonstrate good cause. (ECF No. 21 at 3.) Further, petitioner fails to demonstrate his putative claims have merit because he provides no documentary evidence, such as declarations from the victim, her mom, other family members, his trial counsel or the prosecutor, that would substantiate petitioner's claims. (ECF No. 21 at 3-4.) In addition, petitioner failed to set forth what efforts he took to earlier raise the unexhausted claims or identify what, if anything, prevented petitioner from doing so. Also, petitioner waited 442 days after the California Supreme Court denied review before filing the instant petition containing unexhausted claims. Respondent contends such conduct fails to show petitioner did not intentionally engage in

1 | dilatory tactics. (ECF No. 21 at 4.)

2 | Discussion

3 | The undersigned agrees with respondent. The court finds that petitioner has not set forth a reasonable excuse, supported by sufficient evidence, to support a finding of good cause for his failure to exhaust. See Blake, 745 F.3d at 982. In this case, petitioner did not pursue any state postconviction proceedings and his appellate counsel did not raise claims of ineffective assistance of trial counsel in state court. See Dixon, 847 F.3d at 721-22 (good cause is satisfied when a petitioner was without counsel in his state postconviction proceedings and raises claims of ineffective assistance of trial counsel).

Petitioner was represented on direct appeal, and on February 6, 2017, was served with a copy of the opening brief on appeal. (ECF No. 22-1.) Petitioner was also served with copies of appellate counsel's petitions for review filed in the California Supreme Court. (ECF Nos. 16-5 at 49 (November 2, 2017); 16-10 at 38 (May 10, 2018).) Thus, unlike in Wooten, petitioner was aware of what claims appellate counsel raised on appeal and in the California Supreme Court, yet then took no further steps to collaterally challenge claims, either exhausted or unexhausted, in state court. In response to whether such claims might have been made to a lower court, petitioner stated, "I believed it was. I'm just now learning it was not." (ECF No. 19 at 9.) Such statements are similar to Wooten's claim that he was under the impression that counsel had exhausted an unexhausted claim. Id., 540 F.3d at 1021. Petitioner's belief that his unexhausted claims had been presented is rebutted by his receipt of appellate counsel's petitions for review demonstrating they were not included, as well as petitioner not having filed any habeas petitions in state court in which such claims might have been included. Petitioner claims he was confused, but it appears his confusion stemmed from a generalized lack of legal knowledge or sophistication, which is insufficient under these circumstances to demonstrate good cause because it is not specific or supported by evidence. See Blake, 745 F.3d at 981; Wooten, 540 F.3d at 1024 (stays based on petitioner's lack of knowledge that [his] claim was not exhausted" would "run afoul" of Rhines' limited circumstances instruction (citation omitted)).

In addition, petitioner does not demonstrate that appellate counsel's failure to raise claims

three and four, or any other alleged action or inaction by appellate counsel, caused petitioner's failure to exhaust such claims.[5] Petitioner does not argue that appellate counsel should have included the unexhausted claims on direct appeal or in the petition for review. Moreover, he does not contend or provide documentary evidence demonstrating that he discussed his unexhausted claims with appellate counsel, but was ignored. Thus, as in Wooten, petitioner did not attempt to establish ineffective assistance of appellate counsel. Id. at 1024 n.2.

But even assuming that petitioner demonstrates good cause based on his generalized claims of confusion, or because he had no counsel following the conclusion of his appeals,[6] respondent correctly argues that petitioner failed to provide evidentiary support demonstrating

---

[5] It is not clear whether a petitioner's claim of ineffective assistance of appellate counsel constitutes good cause. In Blake, the Ninth Circuit recognized good cause for ineffective assistance of post-conviction counsel, not appellate counsel. Blake, 745 F.3d at 983. Subsequently, a district court discussed Blake, and distinguished between ineffective assistance of "post-conviction counsel" on state habeas petition and ineffective assistance of "appellate counsel on direct review." Nogueda v. California, No. 2:14-cv-1045 GGH P, 2014 WL 5473548, at *2 & n.4 (E.D. Cal. Oct. 23, 2014) (denying good cause under Rhines because no documentation provided as required under Blake). "Neither Martinez [v. Ryan, 566 U.S. 1 (2012),] nor Blake holds that the ineffective assistance of appellate counsel, as distinguished from post-conviction (state habeas) counsel can constitute good cause for a failure to exhaust under Rhines." Sadowski v. Grounds, 358 F. Supp. 3d 1064, 1071 (C.D. Cal. 2019). On the other hand, other district courts have not made such a distinction. Jauregui v. Jones, No. CV 16-1711-DSF (RAO), 2016 WL 4257147, at *2 (C.D. Cal. July 7, 2016) (making no distinction between appellate and postconviction counsel, but finding prisoner failed to submit evidence demonstrating he discussed his claims with trial or appellate counsel but was ignored)), adopted by, 2016 WL 4251572 (C.D. Cal. Aug. 9, 2016); Abel v. Chavez, No. CIV S-11-0721-GEB (GGH) P, 2011 WL 4928689, at *3-4 (E.D. Cal. Oct. 17, 2011) (not distinguishing between appellate and postconviction counsel and granting Rhines stay) (collecting cases), adopted by, 2011 WL 6000394 (E.D. Cal. Nov. 22, 2011).

[6] Here, petitioner filed no postconviction challenges in state court, but did not argue that he should be granted a stay because he did not have counsel following conclusion of his direct appeal. Petitioners who are without counsel in state postconviction proceedings "should not be denied the opportunity to exhaust a potentially meritorious claim simply because [they] lacked counsel" and "the first element of the Rhines test can easily be established to the extent that they were without counsel." Dixon, 847 F.3d at 721-22; see also Rivers v. Sherman, 2018 WL 5919468, at *3 (C.D. Cal. Jan. 4, 2018) (under Dixon, "[t]he fact that Petitioner did not have counsel to assist in making a collateral challenge in state court is in and of itself a sufficient basis to find good cause.") But "Dixon does not state that good cause can be easily established to the extent that the pro se petitioner did not understand exhaustion." Caliz v. Warden, 2019 WL 8108713, *5 (C.D. Cal. June 24, 2019) (denying motion to reconsider and vacate the stay).

1   that his unexhausted claims are potentially meritorious.  Petitioner fails to show that the
2   prosecutor knew the victim would commit perjury at the preliminary hearing.  Petitioner did not
3   provide reporter's transcripts showing the perjured testimony,[7] or declarations demonstrating that
4   the prosecutor misstated the efforts of the process server or others to locate J.M.  Petitioner also
5   fails to demonstrate how discovery of the process server's identity or the investigating officer's
6   notes concerning failed attempts to locate J.M. to secure her attendance at trial are potentially
7   meritorious.  In addition, as argued by respondent, petitioner presented no declaration confirming
8   trial counsel did not receive such discovery.

9        Finally, petitioner has failed to demonstrate he did not engage in intentional delay.
10  Petitioner does not indicate when he began his reading or research, when he discovered the
11  appropriate California Penal Code Section, or when he was advised by another inmate about a
12  pertinent case.  Thus it is unclear whether such efforts were timely made.  In addition, petitioner
13  became aware of the issues raised on appeal when the appellate court issued its decision on
14  petitioner's appeal on September 27, 2017.  (ECF No. 16-2.)  Appellate counsel raised the same
15  confrontation clause claims in both petitions for review, and petitioner was served a copy of both
16  petitions for review, the last one on May 10, 2018.  Yet, petitioner did not attempt to raise his
17  unexhausted claims in state court, but rather filed them in the instant petition on August 30, 2019,
18  over fifteen months later.  On this record, the undersigned cannot find that petitioner has shown
19  he did not intentionally engage in delay.  See Dixon, 847 F.3d at 722 ("[A] dilatory litigant's
20  failure to exhaust his claims in state court will not be condoned."); Stankewitz v. Adams, 2010
21  WL 1904839, at *2 (E.D. Cal. May 7, 2010) (lifting Rhines stay because pro se petitioner no
22  longer met good-cause or diligence requirements when he had allowed unexhausted claim to
23  "languish in a state of complete inactivity" for 14 months after court of appeal denied habeas
24  petition), adopted, 2010 WL 2509196 (E.D. Cal. June 17, 2010).

---

[7] Petitioner provided two pages of the reporter's transcript where the prosecution described what efforts had been taken to secure J.M.'s attendance at trial.  (ECF No. 1-1 at 2-3.)  Petitioner did not provide the transcript containing the testimony of J.M.  Petitioner also included documents he apparently sent to family court in June of 2019, but such documents do not appear relevant to the motion for stay.  (ECF No. 1-1 at 4-11.)

For all of the above reasons, the undersigned recommends that petitioner's motion for stay be denied.

<u>Leave to Amend</u>

Because the instant petition is a mixed petition, and the undersigned recommends that the motion for stay be denied, petitioner should be granted leave to file an amended petition raising only exhausted claims. Petitioner is cautioned that failure to timely file an amended petition may result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted;

2. Petitioner's motion for stay (ECF No. 19) be denied; and

3. Petitioner be granted thirty days in which to file an amended petition raising only exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within **twenty-one** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/murp1808.mtd

9